# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-00107-FDW

| | | |
|---|---|---|
| CHRISTOPHER D. HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DENNIS DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner Christopher D. Hall's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who was found guilty by a Lincoln County Superior Court jury of three drug trafficking counts. (§ 2254 Pet. 1-2, Doc. No. 1.) The trial court sentenced Petitioner to 110-146 months in prison. (§ 2254 Pet. 1.) Judgment was entered on March 28, 2018. (§ 2254 Pet. 1.) Petitioner did not appeal.

He filed the instant habeas Petition on June 25, 2018, when he signed it under penalty of perjury and placed it in the prison mailbox (§ 2254 Pet. 15). See Houston v. Lack, 487 U.S. 266, 267 (1988). He raises three grounds for relief in his Petition, and additional claims in his brief in support of his habeas Petition (§ 2254 Br., Doc. No. 1-1.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.

1

Rule 4, 28 U.S.C.A. foll. § 2254.  The Court concludes that the Petition must be dismissed without prejudice because Petitioner has not exhausted his state court remedies.

III.   DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[1]  That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)).  "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'"  Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)).  Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim.  See O'Sullivan, 526 U.S. at 845.

Petitioner's filings are not a model of clarity but it appears he has not exhausted any of the grounds raised therein.  As an initial matter, Petitioner did not file a direct appeal challenging

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  § 2254(b)(1)(A) & (B).

his judgments (§ 2254 Pet. 2).  That fact is not necessarily fatal to a § 2254 petition, if Petitioner demonstrates that he has exhausted his habeas claims by properly raising them elsewhere in the state courts.

Petitioner alleges, however, that he "attempted" to file a motion for appropriate relief ("MAR"), but that it was "denied" because he did not file a direct appeal first.  (§ 2254 Pet. 5.)  At the same time, Petitioner denies having filed a post-conviction motion in the state courts (notably, an MAR *is* a post-conviction motion), indicating that it is unlikely he has sought review of the denial of his MAR by way of a petition for writ of certiorari in the North Carolina Court of Appeals.  See N.C. Gen. Stat. § 15A-1422.  Such a step is required to fully exhaust claims raised for the first time in an MAR.  See O'Sullivan, 526 U.S. at 845.  Finally, Petitioner seems to indicate that the grounds raised in the habeas Petition itself also were raised in the MAR, but the § 2254 Supporting Brief contains allegations of ineffective assistance of counsel that are not in the habeas Petition.  There is no indication those allegations were made in the MAR.

The Court shall dismiss the instant habeas Petition without prejudice so that Petitioner may cure the exhaustion defect and seek future habeas relief, if he wishes.  Petitioner is forewarned, however, that a one-year statute of limitation applies to the filing of a § 2254 petition.  See 28 U.S.C. § 2244(d)(1).  Generally, the statute of limitation begins to run on the date a petitioner's conviction becomes final, § 2244(d)(1)(A), and is tolled while a properly filed post-conviction action is pending in the state courts § 2244(d)(2).

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** without prejudice as unexhausted; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines

to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: July 19, 2018

_____
Frank D. Whitney
Chief United States District Judge